IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUN 30 PM 3: 16

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| DONALD R. DePRIEST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 02-2177 Ml/An |
| v. ) | |
| ) | |
| ELLEN HARDYMON, and MSB ) | |
| FINANCIAL SERVICES CORP., ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT MSB FINANCIAL SERVICES
CORPORATION'S MOTION FOR ATTORNEYS' FEES**

Before the Court is Defendant MSB Financial Services Corporation's Motion for Attorneys' Fees, filed May 26, 2005. Plaintiff responded in opposition on June 6, 2005. For the following reasons, Defendant's motion is DENIED without prejudice.

The instant case arose out of Defendants' sale to Plaintiff of stock in a Tennessee corporation on November 15, 1999. Plaintiff subsequently filed this suit, claiming that Defendants misrepresented or failed to disclose material facts relating to the transaction. Defendant MSB Financial Services Corporation ("MSB") counterclaimed against Plaintiff for the balance due under a promissory note tendered as part of the consideration for the stock. A non-jury trial was held on April 25 and 26, 2005. After trial, the Court ruled in favor of Defendants on all of

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _____

Plaintiff's claims and in favor of MSB on its counterclaim for the amount due under the note. (See Court's Decision and Entry, May 5, 2005 (Docket No. 75).)

The Court's May 5, 2005, Minute entry noted that MSB is also entitled to receive litigation expenses and reasonable attorney's fees and MSB was allowed to submit an application for fees and expenses.[1] On May 26, 2005, MSB submitted an application for an award of $256,761.61 in attorneys' fees and expenses incurred throughout this litigation. Plaintiff contends that the fee request is excessive primarily because the Court's fee award related only to the prosecution of MSB's counterclaim, whereas the fee request is for all costs and fees related to the litigation.

MSB's entitlement to reasonable costs and attorneys' fees arises from the terms of the promissory note between the parties.

---

[1] The section of the Court's May 5, 2005, Decision that specified MSB's entitlement to litigation expenses and reasonable attorneys' fees reads as follows:
> With regard to the counterclaim, the Court finds that Defendant MSB has met its burden of proof. MSB is the current holder of the Note. Plaintiff has failed to pay in accordance of the terms of the Note. The unpaid principal balance due on the Note is $105,093.61. As of May 5, 2005, the interest due on the Note is $38,075.55. Defendant is therefore entitled to a judgment in the amount of $143,169.16. Defendant also is entitled to receive litigation expenses and reasonable attorney fees. Defendant is therefore directed to submit an application for fees and expenses.

(May 5, 2005, Decision and Entry at 6.)

2

That note states: "[i]f suit is brought to collect this Note, the Note holder shall be entitled to collect all reasonable costs and expenses of suit, including, but not limited to, reasonable attorney's fees." (Trial Ex. 2.) MSB contends that, in order to collect on the note, it first had to successfully defend against Plaintiff's affirmative claims. However, the plain terms of the note only authorize MSB to collect reasonable costs and expenses of a suit to collect on the Note, not any costs or fees incurred in defending litigation related to the Note. Accordingly, MSB's motion for attorneys' fees is DENIED without prejudice. MSB is granted leave to submit a renewed motion for attorneys' fees that requests and itemizes only costs and expenses of its counterclaim to collect on the Note within 15 days of the date of entry of this order.

So ORDERED this 30 day of June, 2005.

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 87 in case 2:02-CV-02177 was distributed by fax, mail, or direct printing on July 5, 2005 to the parties listed.

---

Robert K. Alvarez
BOURLAND HEFLIN ALAREZ & MINOR
5400 Poplar Avenue
Ste. 100
Memphis, TN 38119

Jeffrey A. Yeager
SQUIRE SANDERS & DEMPSEY LLP
1300 Huntington Center
41 S. High Street
Columbus, OH 43215

Keith Shumate
SQUIRE SANDERS & DEMPSEY LLP
1300 Huntington Center
41 S. High Street
Columbus, OH 43215

John Marshall Jones
BOURLAND HEFLIN ALAREZ & MINOR
5400 Poplar Avenue
Ste. 100
Memphis, TN 38119

William M. Jeter
LAW OFFICE OF WILLIAM JETER
35 Union Ave.
Ste. 300
Memphis, TN 38103

John J. Heflin
BOURLAND HEFLIN ALAREZ & MINOR
5400 Poplar Avenue
Ste. 100
Memphis, TN 38119

Honorable Jon McCalla
US DISTRICT COURT