IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DONALD R. DePRIEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 02-2177 Ml/An |
| v. | ) |
| | ) |
| ELLEN HARDYMON, and MSB | ) |
| FINANCIAL SERVICES CORP., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANT MSB FINANCIAL SERVICES CORPORATION'S MOTION FOR ATTORNEYS' FEES**

Before the Court is Defendant MSB Financial Services Corporation's Motion for Attorneys' Fees, filed July 15, 2005. Plaintiff responded in opposition on August 15, 2005. For the following reasons, Defendant's motion is GRANTED.

**I. BACKGROUND**

The instant case arose out of Defendants' sale to Plaintiff of stock in a Tennessee corporation on November 15, 1999. Plaintiff subsequently filed the instant suit, claiming that Defendants misrepresented or failed to disclose material facts relating to the transaction. Defendant MSB Financial Services Corporation ("MSB") counterclaimed against Plaintiff for the balance due under a promissory note tendered as part of the consideration for the stock. A non-jury trial was held on April 25 and 26, 2005. After trial, the Court ruled in favor of

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _8-29-05_

Defendants on all of Plaintiff's claims and in favor of MSB on its counterclaim for the amount due under the note. (See Court's Decision and Entry, May 5, 2005 (Docket No. 75).)

The Court's May 5, 2005, Minute entry noted that MSB is also entitled to receive litigation expenses and reasonable attorney's fees and MSB was allowed to submit an application for fees and expenses.[1] On May 26, 2005, MSB submitted an application for an award of $256,761.61 in attorneys' fees and expenses incurred throughout this litigation. On June 30, 2005, the Court entered an order denying MSB's fee application, without prejudice, and granting MSB leave to submit a revised fee application that requested and itemized only costs and expenses of its counterclaim to collect on the relevant note.

As the Court noted in its June 30, 2005, order, MSB's entitlement to reasonable costs and attorneys' fees arises from

---

[1] The section of the Court's May 5, 2005, Decision that specified MSB's entitlement to litigation expenses and reasonable attorneys' fees reads as follows:
> With regard to the counterclaim, the Court finds that Defendant MSB has met its burden of proof. MSB is the current holder of the Note. Plaintiff has failed to pay in accordance of the terms of the Note. The unpaid principal balance due on the Note is $105,093.61. As of May 5, 2005, the interest due on the Note is $38,075.55. Defendant is therefore entitled to a judgment in the amount of $143,169.16. Defendant also is entitled to receive litigation expenses and reasonable attorney fees. Defendant is therefore directed to submit an application for fees and expenses.

(May 5, 2005, Decision and Entry at 6.)

the terms of the promissory note between the parties.  That note states: "[i]f suit is brought to collect this Note, the Note holder shall be entitled to collect all reasonable costs and expenses of suit, including, but not limited to, reasonable attorney's fees."  (Trial Ex. 2.)

## II. LEGAL STANDARD

The primary concern in an attorney's fee case is that the fee awarded be reasonable. Reed v. Rhodes, 179 F.3d 453, 471 (6th Cir. 1999)(citing Blum v. Stenson, 465 U.S. 886, 893 (1984)).[2]  "The party seeking attorneys fees bears the burden of documenting [its] entitlement to the award."  Reed, 179 F.3d at 472 (citing Webb v. Dyer County Bd. of Educ., 471 U.S. 234, 242 (1985)).  A fee applicant is required to submit evidence supporting the hours worked and the rates claimed.  Id. (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Id. (quoting Hensley, 461 U.S. at 433).  A fee applicant must make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. Hensley, 461 U.S. at 434.

---

[2] Although Reed involved a fee award pursuant to 42 U.S.C. § 1988, the Court nonetheless finds its holding applicable to the instant case.

3

## III. ANALYSIS

In support of its fee application, MSB submitted the affidavits of Keith Shumate, Esq. and William M. Jeter, Esq., as well as billing invoices noting the fees for which MSB was charged. MSB also attached a spreadsheet to its request that indicated the number of hours charged and billing rate for each individual billing entry, as well as an adjusted number of hours indicating the portion of each entry that MSB assigned to its prosecution of its counterclaim regarding the promissory note. (See Def. MSB Financial Services Corp.'s Mot. for Aty.'s Fees, Ex. C.)

A review of the spreadsheet attached to MSB's motion indicates that, in general, MSB has assigned half or less than half of the time billed in each entry to its prosecution of its counterclaim. This calculation resulted in a reduction of its original request for attorney's fees and costs from $256,761.61 to $76,499.54, which represents 29.8% of the total fees and expenses it incurred in this case. In making these calculations, the Court finds that MSB made a good faith effort to identify, as best it could, what charges were reasonably attributable to MSB's counterclaim. However, the spreadsheet submitted by MSB concededly represents and approximation, at best, of which fees were attributable to the prosecution of its counterclaim.

4

MSB's counterclaim involved a promissory note in the amount of $157,640.42. MSB's revised attorney's fee and costs request represents 48.5% of the value of that note. Moreover, the prosecution of MSB's counterclaim did not involve any complicated legal or factual issues or extensive discovery. In particular, the proof regarding MSB's counterclaim at trial primarily involved the testimony of Ms. Ellen Hardymon that Plaintiff had made one payment on the note and not made any further payments, as well as the submission of documentation regarding Plaintiff's payment pursuant to the note and the interest that had accrued since that payment. Plaintiff did not contest his liability with respect to the note, outside of his affirmative claims of fraud against Defendants.

In light of the entire record and the parties' submissions, then, the Court finds that it would be unreasonable and excessive to allow MSB to collect the amount of attorney's fees and costs claimed. Rather, the Court finds that a 50% reduction in MSB's request will properly and reasonably compensate Defendant for the legal fees and expenses actually incurred in prosecuting MSB's counterclaim. Accordingly, MSB's motion for attorney's fees and costs is GRANTED and MSB is hereby awarded $38,249.77 in attorney's fees and costs.

5

**IV. CONCLUSION**

For the reasons stated, MSB is awarded $38,249.77 in attorney's fees and costs.


So ORDERED this 29 day of August, 2005.

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

6

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 93 in case 2:02-CV-02177 was distributed by fax, mail, or direct printing on August 29, 2005 to the parties listed.

---

Robert K. Alvarez
BOURLAND HEFLIN ALAREZ & MINOR
5400 Poplar Avenue
Ste. 100
Memphis, TN 38119

William M. Jeter
LAW OFFICE OF WILLIAM JETER
35 Union Ave.
Ste. 300
Memphis, TN 38103

Jeffrey A. Yeager
SQUIRE SANDERS & DEMPSEY LLP
1300 Huntington Center
41 S. High Street
Columbus, OH 43215

Keith Shumate
SQUIRE SANDERS & DEMPSEY LLP
1300 Huntington Center
41 S. High Street
Columbus, OH 43215

John J. Heflin
BOURLAND HEFLIN ALAREZ & MINOR
5400 Poplar Avenue
Ste. 100
Memphis, TN 38119

John Marshall Jones
BOURLAND HEFLIN ALAREZ & MINOR
5400 Poplar Avenue
Ste. 100
Memphis, TN 38119

Honorable Jon McCalla
US DISTRICT COURT